**FILED**
OCT 17 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | ) | Case No. 03 CR 0710 |
| | ) | Violations: 18 United States Code |
| v. | ) | Sections 2252A(a)(2) 2252(a)(5)(B) |
| | ) | |
| WILLIAM DEGELMAN | ) | Judge Shadur |

**Defendant's Reply on Motion for Production of Images**

Defendant, William Degelman, through counsel, J. D. Obenberger, replies to the contentions of the Government in the pending Motion for Production of Images, as follows

1. Attached to this Reply is the Agreed Order of the United States District Court for the Western District of New York, entered by that court on September 30, 2003 in *United States v. Thomas Fix*, 02-CR-72A. Reed Lee of my office has appeared in that matter and has been deeply involved in its defense. It emerged after significant discussion and negotiation; The result is an order that amply and adequately protects the interests of the Government and any victim while aspiring to generally protect the functionality of the attorney-client relationship; The Defendant herein proposes that, subject to one change, it serve as a protective order for defense access to the images in this case. It is of the utmost importance that the Defendant in this matter have an opportunity to examine each of the images mentioned in the Indictment, and any protective order herein should so provide.

2. The Government has argued that the essence of Defendant's argument is one of convenience, and that simply is not accurate. This is a case involving over one thousand pictures. Very few people could reasonably be expected to memorize the contents of each for reliable later discussion, and it is not to be expected that Defendant and his counsel



could do so. If Defendant and counsel are to have a meaningful opportunity to discuss the legal issues involved in the images in complete and utter candor, it must be in the presence of the images. (If they are not provided such an opportunity, surely the Sixth Amendment is implicated.)

3. Unlike a case involving fungible contraband such as drugs, the identity and visual appearance of the images themselves are so deeply rooted in the charges and in the determination of innocence or guilt that visual observation of the material by attorney and client together is essential to any case decision and preparation for any trial. While any given weight of Heroin or Cocaine can generally resemble any other, making laboratory examination and chain of custody more important than visual examination, cases involving child pornography or adult obscenity uniquely turn on the appearance of the charged matter and act to define the crime, if any. The examples of other kinds of evidence regularly inspected under monitored circumstances simply do not resemble the matter now before the Court because the images are numerous and different and uniquely establishing the crime itself.

3. The Government suggests that the Defendant should trust that government agents will not eavesdrop on conversations which may take place in a government office between Defendant and his lawyers, either because they can be trusted to obey orders of court or because they can be trusted to fulfill their promises or both. The Government suggests that it is unreasonable not to have such trust. The question appears to us not to be whether, reasonably or objectively, a defendant and his attorney *should* trust the promise of government agents not to eavesdrop on their conversations, but whether, in fact they do. If, even for an objectively unreasonable or a frankly paranoid reason, the Defendant harbors suspicion, fear, apprehension, or belief, that he is being or may be overheard, candor cannot be expected. We do not believe that any court has ever established a legal principle that a person under criminal charges should, ought, or must trust the Government, and such a proposition seems alien to the concepts enshrined in the Bill of Rights.

4. The Defendant should have access to the materials which form the essence of the charges against him, limited only by those reasonable and prudent measures necessary to protect the legitimate interests of government.

5. There is no reasonable basis to believe that any real significant risk of dissemination of the images will exist under the alternative here proposed by the defense. The mere abstract possibility of such an event should not rise, in the Court's discretion, to a factor of such significance to impair the ability to defend by access to the evidence. The Government's citation of the Seventh Circuit's language in *United States v. Sherman*, 268 F.3d 539, 549-5, especially standing in juxtaposition to its claim that the Defense in the matter at bar has inadequate sensitivity to the contraband nature of the images at issue in this motion, is quite curious: In the passage cited, *it was the Government itself which had, in Sherman, without control or restraint, disseminated child pornography*. To expand the reach of such language to prohibit carefully constrained defense access to the essential matter of a serious charge, for the purpose of preparation for trial stretches the reach of that language beyond its reasonable ambit.

Wherefore, the Defendant prays such access to the images as it has previously and hereinabove requested.

Respectfully submitted,

Dated: 10/15/03

J. D. Obenberger
Attorney for Defendant

J. D. Obenberger
J. D. Obenberger and Associates
3700 Three First National Plaza
70 West Madison Street
Chicago, Illinois 60602
(312) 558-6420
(312) 558-7773 Fax
obiwan@xxxlaw.net email address

Certificate of Service

    I, the undersigned attorney, J. D. Obenberger, certify that I served a copy of the foregoing document by leaving it with a clerk apparently in charge of the office of The United States Attorney for the Northern District of Illinois at 219 South Dearborn Street, Suite 500, Chicago, Illinois on October 17, 2003.

                                               J. D. Obenberger
                                               Attorney for Defendant

J. D. Obenberger
J. D. Obenberger and Associates
3700 Three First National Plaza
70 West Madison Street
Chicago, Illinois 60602

(312) 558-6420
(312) 558-7773 Fax
obiwan@xxxlaw.net email address

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

USA

                                 Plaintiff(s)

     v.                                                  1:02-cr-00072

Fix

                                 Defendant(s)

PLEASE take notice of the entry of an ORDER filed on 9/30/03, of which the within is a copy, and entered 10/1/03 upon the official docket in this case. (Document No. 40 .)

Dated:   Buffalo, New York
           October 1, 2003

                                          RODNEY C. EARLY, Clerk
                                          U.S. District Court
                                          Western District of New York
                                          304 U.S. Courthouse
                                          68 Court Street
                                          Buffalo, New York 14202

Enclosure
TO:
       Paul J. Campana, Esq.
       Jon Louis Wilson, Esq.
       Reed Clayton Lee, Esq.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                  02-CR-72-A(HKS)

THOMAS FIX,

          Defendant.

FILED
U.S. DISTRICT COURT
WD OF NY
SEP 30 2003

## PROTECTIVE DISCOVERY ORDER

The defendant having requested the release of electronic media copies of certain contraband, namely Child Pornography, for examination of same in preparation for trial, and the Government having opposed such request on various grounds, and the Court having considered the matter, and counsel for the defendant and the Government having concurred with the terms stated herein, it is hereby

**ORDERED** that the government shall provide defense counsel Jon Louis Wilson with electronic media copies of the computer media seized from the defendant's residence on or about July 16, 2001. And, because such media contain child pornography contraband, it is hereby further

**ORDERED** that in connection with the provision of such electronic media copies, defense counsel will pay the Government

for the costs of the necessary disks and other computer media as expended by FBI computer forensic personnel; and it is hereby further

**ORDERED** that the electronic media copies referred to above shall be maintained by defense counsel in accordance herewith and shall be used by counsel solely and exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose; and it is hereby further

**ORDERED** that the data contained on the electronic media copies may be accessed and viewed only by defense counsel, co-counsel Reed Lee, Esq., and a computer and/or medical expert, if any, retained by defense counsel, and then only while operating under the direct supervision and control of defense counsel; and it is hereby further

**ORDERED** that the name and curriculum vita of said defense expert or experts shall be supplied to the Government before such expert be allowed to review said media in order to afford the Government the opportunity to object to his review of said material, as it is the Court's intention that the contraband not be

2

viewed by anyone except such persons suitably qualified to examine the electronic media; and it is hereby further

**ORDERED** that the defendant, THOMAS FIX, shall not under any circumstances be permitted to access or view any graphic image file without petition to and further order of the Court. The defendant may, however, view <u>non-image data</u> on the electronic media copies for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel; and it is hereby further

**ORDERED** that the computer devices into which the electronic media copies may be inserted and/or connected for access and operation shall not be connected to a network while the electronic media copies are present or being used; and it is hereby further

**ORDERED** that in no event shall any graphic image file containing child pornography or which may reasonably be construed as constituting child pornography be printed, copied, duplicated or replicated, electronically or in documentary form, in whole or in part, onto any external media including, but not limited to, paper, floppy disk, CD-ROM, DAT tape, zip disk, or other media without prior petition and further order of the Court regulating the

production and use of copies by defense experts, if any; and it is hereby further

ORDERED that the computer devices into which the electronic media copies are inserted and/or connected may not be connected to a printer and no documentary copies may be printed from the electronic media copies, except that a printer may be connected only when and as necessary to print non-graphic files (i.e. - text files, log files, directory trees, etc.); and it is hereby further

ORDERED that the electronic media copies shall be maintained by defense counsel in a locked file or cabinet at all times except when being actively utilized as provided for herein; and it is hereby further

ORDERED that a copy of this Order shall be kept with the electronic media copies at all times; and it is hereby further

ORDERED that upon termination of this matter defense counsel shall return the electronic media copies to the Government for the complete removal and erasure of the media on which the electronic media copies were made which media, once the data has been removed, shall remain property of defense counsel; and it is hereby further

4

ORDERED that upon termination of this matter and data destruction as provided for herein, defense counsel shall file an affidavit with this Court, with a copy to government counsel, specifying that the terms of this Order have been fully complied with in all respects.

DATED: Buffalo, New York: September 30, 2003

H. KENNETH SCHROEDER, JR.
U. S. MAGISTRATE Judge