IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAR 2 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | ) | Case No. 03 CR 0710 |
| | ) | Violations: 18 United States Code |
| v. | ) | Sections 2252A(a)(2) 2252(a)(5)(B) |
| | ) | |
| WILLIAM DEGELMAN | ) | Judge Shadur |

DOCKETED
MAR 26 2004

**Objection to Presentence Investigation Report Under Rule 32 (f)**

Defendant, William Degelman, through counsel, objects under Rule 32 (f) to certain statements and conclusions contained in the March 15, 2004 Presentence Report prepared by Kelly A. Rice, Senior U.S. Probation officer, as detailed herein:

1. This matter is set for sentencing on April 1, 2004.

2. The Presentence Report dated March 15, 2004 was mailed to counsel for the Defendant bearing metered postage dated March 15, 2004. It was received by the undersigned through the U.S. Mails and private courier from the Post Office on March 18, 2004. Appended to that Report (and seen by the Defense now for the first time) is an "Official Version", apparently prepared on January 30, 2004.

**Objection to Recommendation of Two Level Enhancement Under §2G2.4(b)(2)**

3. On the date alleged in the Indictment, August 9, 2002, §2G2.4(b)(2) of the *Guidelines* provided that:

> (2) If the offense involved possessing ten or more books, magazines, periodicals, films, video tapes, or other items, containing a visual depiction involving the sexual exploitation of a minor, increase by 2 levels.

In contrast with the Plea Agreement's computation as agreed by the Government and the Defendant, the Presentence Report recommends a Two Level enhancement under §2G2.4(b)(2) of the *Guidelines* because, the Report states at Page 5, Lines 128-130, "... Each computer graphic *file* is an 'item'. As the defendant possessed over 1,300 *images* the two level enhancement is applicable." [Emphasis added.] The Application Notes provided:

> For purposes of subsection (b)(2), a *file* that (A) contains a visual depiction; and (B) is stored on a magnetic, optical, digital, other electronic, or other storage medium or device, shall be considered to be one item. [Emphasis added.]

There is some confusion in the Presentence Report between the term "item" as found in the *Guideline* and the word "image". The Presentence Report treats them as synonymous terms, but they were not exactly synonymous for the purposes of this *Guideline*. It was the view of the Circuits that considered the application of §2G2.4(b)(2) that the relevant "item" in cases of images found on computer disks was the file in which they were contained, the courts having concluded that, because a file might contain more than one image, a file was analogous to a book or magazine and that a disk was analogous to a library. *See, e.g. United States v. Fellows*, 157 F.3d 1197, 1201 (9th Cir., 1998)[1]. *See also, United States v. Hall*, 142 F.3d 988, 997 (7th Cir., 1998). There are no facts before this Court suggesting the number of *files* containing images of child pornography, and it

---

[1] *Fellows* importantly noted at Fn. 1 that such an interpretation was "consistent" with his pretrial agreement; In contrast, the Pretrial Agreement here at bar eschews enumeration of individual images and is silent concerning the number of files containing images, but brings before the Court the number of disks containing images. Furthermore, the Plea Agreement sets forth jurisdictional facts establishing that the *discs* passed in interstate commerce but sets forth no such jurisdictional predicate concerning files or discs as "materials" under the statute or as "items" under the guideline. It is manifestly the intention of the parties in that Plea Agreement that the Court consider the number of discs containing images of child pornography as the number of "items" containing child pornography for purposes of the *Guideline*.

would be appropriate, and in keeping with the mutually agreed terms of the Plea Agreement to consider the disks as "items" for purposes of the guideline in this case.

4. The Defendant has been indicted for, has pled guilty to, and was found guilty by this Court of a violation of Title 18 United States Code Section 2242A (a) (5) (b), which imposes a criminal sanction on those persons who:

> knowingly possesses any book, magazine, periodical, film, videotape, *computer disk*, or any other material *that contains* an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer. [Emphasis added.]

The Indictment in this case makes no reference to *files*.

5. Because of continuing disagreement between Government and the Defense concerning the number of images whose possession may be criminally punished in this case, the written Agreement memorializing the terms of the plea was amended to excerpt all references to the number of images contained in the various disks; At the time of plea, it was made clear to the Court that while the Defendant admitted to the possession of *material* containing child pornography, he did not admit to the possession of any certain number of such images. He does specifically deny that he was in possession of 1382 such images at the time of the offense. The Plea Agreement is silent with respect to the number of files containing images.

6. The written "Plea Agreement" entered into by the Government and the Defendant on January 24, 2004 bears two manual deletions of text that would been indicative of a number of images in the Defendant's possession at the time of the offense: At Page Two, lines 16 and 17, counsel for the Defendant and the Assistant United States Attorney initialed the deletion of such language that would otherwise have quantified the

number of images as: "~~approximately thirteen hundred and eighty-two (1382)~~"; At Page Three, line three, Counsel for the Defendant and the Assistant United States Attorney initialed the deletion of such language that would otherwise have quantified the number of images as: "~~approximately 1382~~". Moreover, at Page Three, Line Five, counsel for the Defendant and the Assistant United States Attorney initialed the deletion of the word "~~The~~" and the insertion of the word "Some" to reflect that not all of the minors depicted in the images at issue were shown either in sexual acts or in a lascivious exhibition of their respective genitals, as would support a criminal conviction for knowing possession of materials that contained them.

7. The "Plea Agreement" states, at Page Three, Lines Two and Three that "Approximately four of the Super Disks and one of the hard drives contained ~~approximately 1382 images of~~ child pornography." This statement tracks the language of Count One of the Indictment, alleging that the Defendant possessed "computer hard drives, computer disks and other materials that contained thirteen hundred and eighty-two images (1382) of child pornography. . . " This is also consistent with the Court's determination, in considering a request for a Bill of Particulars, that the "materials" *here* charged were the *discs themselves* and not the individual files which contained images. Thus, the Grand Jury, the Court, the Government[2], and the Defendant all appear to have understood that the "materials" charged in the Indictment, in this case, were the discs containing the images at bar.[3]

---

[2] The Assistant United States Attorney advised the Defense that he takes no position concerning the issue here argued, and we do not assert to the contrary in this Objection.

[3] It is not disputed that the Grand Jury might have chosen to indict the Defendant by alleging that he possessed *files* containing a certain number of images, in which case such files would have been the "materials" with which he was charged. However, here the Defendant was indicted for his possession of disks, which, accordingly are the materials with which he was charged.

8. Contrary to the statement made by the Presentence Report at Page 2, Lines 48-51, the government's version [Memorandum, "Official Version", Assistant United States Attorney Daniel May, January 30, 2004] does not report that 1382 images *of child pornography* were recovered from the Defendant's hard drive and floppy discs[4], but merely 1382 images.[5] The only agreement by the Government and the Defense as to the number of *"items" containing* child pornography is that four Super Disks and one hard drive were *disks* that contained child pornography). This reflects fiv*e items* containing child pornography. Accordingly, no factual predicate is before the Court to support the Two Level Enhancement.[6]

### Miscellaneous Corrections in the Presentence Report

9. The Defendant disputes and denies the following statements contained in the Presentence Report:

a. Mr. Degelman denies that he told Agent Santiago that he was charged some years ago with molestation of a child, that it had been dismissed, and that the matter was expunged. Pg. 3, Lns. 64-65.

b. Mr. Degelman denies that he told Agent Santiago that he had "pirated law enforcement software" to scrub his disk. He admits that he had purchased a commercial program named "Secure Clean" which gave him the capability of eradicating files from a disk. He denies that this is an aggravating circumstance. To the contrary, except under

---

[4] In fact, there is no report that any child pornography was recovered in this case from any floppy disk at all.
[5] At the same textual location, the Presentence Report erroneously couches its advice to the Court in language addressing and concerning the number of *images;* §2G2.4(b)(2) of the *Guidelines* however references the number of *items* containing *images.*)
[6] The Presentence Report also reflects statements made to the Probation Officer by Agent Santiago, reflecting his estimates of the *number of images* and what they contain. It reports no statement of Agent Santiago as would address the number of items - or files.

circumstances in which an individual knows that he is the target of a criminal investigation, in which case obstruction of justice would be implicated, it is not inappropriate nor is it illegal to destroy images of child pornography that are encountered in web browsing. Pg. 3, Lns. 72-3.

c. Mr. Degelman denies that he told Special Agent Santiago that he had been looking at child pornography online for six years. He denies that he told the Agent that he had attended therapy for child pornography. He denies that he told Special Agent Santiago that he liked boys. Pg. 3, Lns. 82-89.

Wherefore, the Defendant objects to the matters contained in the Presentence Report as indicated above.

Respectfully submitted,

Dated: 3/24/04

J. D. Obenberger
Attorney for Defendant

J. D. Obenberger
J. D. Obenberger and Associates
3700 Three First National Plaza
70 West Madison Street
Chicago, Illinois 60602

(312) 558-6420
(312) 558-7773 Fax
obiwan@xxxlaw.net email address

Certificate of Service

*Tamara Brand*

I, the undersigned ~~attorney, J. D. Obenberger~~, certify that I served a copy of the foregoing document by leaving it with a clerk apparently in charge of the office of The United States Attorney for the Northern District of Illinois at 219 South Dearborn Street, Suite 500, Chicago, Illinois, and with the Clerk apparently in charge of the United States Probation Office at 55 East Monroe Street, Suite 1500, Chicago, Illinois 60603 on March 24, 2004.

*Tamara Brand*

~~J. D. Obenberger~~
Attorney for Defendant
*Tamara Brand*

J. D. Obenberger
J. D. Obenberger and Associates
3700 Three First National Plaza
70 West Madison Street
Chicago, Illinois 60602

(312) 558-6420
(312) 558-7773 Fax
obiwan@xxxlaw.net email address